THE HONORABLE ROBERT S. LASNIK

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

AT SEATTLE

| | |
|---|---|
| In re AMAZON.COM, INC. SECURITIES LITIGATION | ) ) ) Master File No. C-01-0358-L ) |
| This Document Relates To:<br><br>ALL ACTIONS. | ) <u>CLASS ACTION</u><br>)<br>) ORDER PRELIMINARILY APPROVING<br>) SETTLEMENT AND PROVIDING FOR<br>) NOTICE |

ORDER PRELIMINARILY APPROVING
SETTLEMENT AND PROVIDING FOR NOTICE
(C-01-0358-L)

WHEREAS, a consolidated class action is pending before this Court entitled *In re Amazon.com, Inc. Securities Litigation*, Master File No. C-01-0358-L (the "Litigation");

WHEREAS, the parties having made application, pursuant to Federal Rule of Civil Procedure 23(e), for an order approving the settlement of this Litigation, in accordance with a Amended Stipulation of Settlement dated May ____, 2005 (the undated "Amended Stipulation"), which, together with the Exhibits annexed thereto sets forth the terms and conditions for a proposed settlement of the Litigation and for dismissal of the Litigation with prejudice upon the terms and conditions set forth therein; and the Court having read and considered the Amended Stipulation and the Exhibits annexed thereto; and

WHEREAS, all defined terms contained herein shall have the same meanings as set forth in the Amended Stipulation.

NOW, THEREFORE, IT IS HEREBY ORDERED:

1. The Court does hereby preliminarily approve the Amended Stipulation and the settlement set forth therein, subject to further consideration at the Settlement Hearing described below.

2. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court hereby certifies, for purposes of effectuating this settlement, a Class defined as all Persons (other than those Persons who timely and validly request exclusion from the Class) who purchased Amazon Securities during the period October 29, 1998 to October 23, 2001. Excluded from the Class are Defendants and Dismissed Defendants, members of the immediate families of the Defendants and Dismissed Defendants, any entity in which any Defendant or Dismissed Defendant has or had a controlling interest, present or former directors and officers of Amazon, and the legal representatives, heirs, successors, or assigns of any such Defendant or Dismissed Defendant.

3. The Court finds, for the purposes of the settlement only, that the prerequisites for a class action under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied

in that: (a) the number of Class Members is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the Class; (c) the claims of the named representatives are typical of the claims of the Class they seek to represent; (d) the Lead Plaintiffs will fairly and adequately represent the interests of the Class; (e) the questions of law and fact common to the Members of the Class predominate over any questions affecting only individual Members of the Class; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

4. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of the settlement only, Lead Plaintiffs Moussa Peykar, Edward Ingeneri, Richard A. Yahr and Emil Panait are certified as Class Representatives.

5. A hearing (the "Settlement Hearing") shall be held before this Court on September 22, 2005, at 9:00 a.m., at the United States District Court for the Western District of Washington (at Seattle), U.S. Courthouse, 700 Stewart Street, Seattle, Washington, to determine whether the proposed settlement of the Litigation on the terms and conditions provided for in the Amended Stipulation is fair, reasonable and adequate to the Class and should be approved by the Court; whether a Judgment as provided in ¶1.14 of the Amended Stipulation should be entered herein; whether the proposed Plan of Allocation should be approved; and to determine the amount of fees and expenses that should be awarded to Plaintiffs' Counsel. The Court may adjourn the Settlement Hearing without further notice to Members of the Class.

6. The Court approves, as to form and content, the Notice of Pendency and Proposed Settlement of Class Action (the "Notice"), the Proof of Claim and Release form (the "Proof of Claim"), and Summary Notice annexed as Exhibits A-1, A-2 and A-3 hereto, and finds that the mailing and distribution of the Notice and publishing of the Summary Notice substantially in the manner and form set forth in this Order meet the requirements of Federal Rule of Civil Procedure 23, §21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. §78u-4(a)(7) as amended by the

Private Securities Litigation Reform Act of 1995, and due process, and is the best notice practicable under the circumstances and shall constitute due and sufficient notice to all Persons entitled thereto.

7. Plaintiffs' Settlement Counsel are hereby authorized to retain the firm of Gilardi & Co. LLC ("Claims Administrator") to supervise and administer the notice procedure as well as the processing of claims as more fully set forth below:

(a) Not later than June 10, 2005 (the "Notice Date"), Plaintiffs' Settlement Counsel shall cause a copy of the Notice and the Proof of Claim, substantially in the form annexed as Exhibits A-1 and A-2 hereto, to be mailed by first class mail to all Class Members who can be identified with reasonable effort;

(b) Not later than June 18, 2005 Plaintiffs' Settlement Counsel shall cause the Summary Notice to be published once in *Investor's Business Daily* and once in the international edition of *The Wall Street Journal*; and

(c) At least seven (7) days prior to the Settlement Hearing, Plaintiffs' Settlement Counsel shall serve on Defendants' counsel and file with the Court proof, by affidavit or declaration, of such mailing and publishing.

8. Nominees who purchased Amazon Securities during the period beginning October 29, 1998 to October 23, 2001 for the beneficial ownership of another Person shall send the Notice and the Proof of Claim to such beneficial owners of such Amazon securities within ten (10) days after receipt thereof, or send a list of the names and addresses of such beneficial owners to the Claims Administrator within ten (10) days of receipt thereof in which event the Claims Administrator shall promptly mail the Notice and Proof of Claim to such beneficial owners.

9. All Members of the Class shall be bound by all determinations and judgments in the Litigation concerning the settlement, whether favorable or unfavorable to the Class.

10. Class Members who wish to participate in the settlement shall complete and submit Proof of Claim forms in accordance with the instructions contained therein. Unless the Court orders otherwise, all Proof of Claim forms must be submitted no later than ninety (90) days from the Notice

Date. Any Class Member who does not timely submit a Proof of Claim within the time provided for, shall be barred from sharing in the distribution of the proceeds of the Settlement Fund, unless otherwise ordered by the Court.

11.     Any Member of the Class may enter an appearance in the Litigation, at his, her or its own expense, individually or through counsel of their own choice. If they do not enter an appearance, they will be represented by Plaintiffs' Settlement Counsel.

12.     Pending final determination of whether the settlement should be approved, neither the Lead Plaintiffs nor any Class Member, either directly, representatively, or in any other capacity, shall commence or prosecute against any of the Released Amazon Parties, any action or proceeding in any court or tribunal asserting any of the Released Claims.

13.     Any Person falling within the definition of the Class may, upon request, be excluded from the Class. Any such Person must submit to the Claims Administrator a request for exclusion ("Request for Exclusion"), postmarked no later than August 5, 2005. A Request for Exclusion must be signed and state: (a) the name, address, and telephone number of the Person requesting exclusion; (b) the Person's purchases and sales of Amazon Securities made during the Class Period, including the dates, the number and type of securities, and price paid or received for each such purchase or sale; and (c) that the Person wishes to be excluded from the Class. All Persons who submit valid and timely Requests for Exclusion in the manner set forth in this paragraph shall have no rights under the Amended Stipulation, shall not share in the distribution of the Settlement Fund, and shall not be bound by the Amended Stipulation or the Final Judgment.

14.     Any Member of the Class may appear and show cause, if he, she or it has any, why the proposed settlement of the Litigation should not be approved as fair, reasonable and adequate, or why a Judgment should not be entered thereon, why the Plan of Allocation should not be approved, or why attorneys' fees and expenses should not be awarded to counsel for the Lead Plaintiffs; provided, however, that no Class Member or any other Person shall be heard or entitled to contest the approval of the terms and conditions of the proposed settlement, or, if approved, the Judgment to

be entered thereon approving the same, or the order approving the Plan of Allocation, or the attorneys' fees and expenses to be awarded to counsel for the Lead Plaintiffs unless that Person has served on the following counsel (delivered by hand or sent by first class mail) written objections and copies of any papers and briefs in support thereof on or before August 5, 2005: Lerach Coughlin Stoia Geller Rudman & Robbins LLP, Jeffrey D. Light, 401 B Street, Suite 1600, San Diego, California 92101-4297; and Gibson, Dunn & Crutcher LLP, Jonathan C. Dickey, 1881 Page Mill Road, Palo Alto, California 94304, and filed said objections, papers and briefs with the Clerk of the United States District Court for the Western District of Washington (at Seattle) on or before August 5, 2005. Any Member of the Class who does not make his, her or its objection in the manner provided shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness or adequacy of the proposed settlement as incorporated in the Amended Stipulation, to the Plan of Allocation, and to the award of attorneys' fees and expenses to counsel for the plaintiffs, unless otherwise ordered by the Court.

15. The passage of title and ownership of the Settlement Fund to the Escrow Agent in accordance with the terms and obligations of the Amended Stipulation is approved. No Person that is not a Class Member or counsel to the Lead Plaintiffs shall have any right to any portion of, or in the distribution of, the Settlement Fund unless otherwise ordered by the Court or otherwise provided in the Amended Stipulation.

16. All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis*, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the Amended Stipulation and/or further order(s) of the Court.

17. All papers in support of the settlement, the Plan of Allocation, and any application by counsel for the Lead Plaintiffs for attorneys' fees or reimbursement of expenses shall be filed with the Court and served at least seven (7) days prior to the Settlement Hearing.

18. Neither Defendants nor Defendants' counsel shall have any responsibility for the Plan of Allocation or any application for reimbursement of attorneys' fees or reimbursement of expenses

submitted by Plaintiffs' Counsel, and such matters will be considered separately from the fairness, reasonableness and adequacy of the settlement.

19. At or after the Settlement Hearing, the Court shall determine whether the Plan of Allocation proposed by Plaintiffs' Settlement Counsel, and any application for attorneys' fees or reimbursement of expenses shall be approved.

20. All reasonable expenses incurred in identifying and notifying Class Members as well as administering the Settlement Fund, shall be paid as set forth in the Amended Stipulation. In the event the settlement is not approved by the Court, or otherwise fails to become effective, neither the Lead Plaintiffs nor any of their counsel shall have any obligation to repay any amounts actually and properly disbursed from the Settlement Fund for such reasonable expenses.

21. Neither the Amended Stipulation, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be construed as an admission or concession by Defendants of the truth of any of the allegations in the Litigation, or of any liability, fault, or wrongdoing of any kind.

22. The Court reserves the right to adjourn the date of the Settlement Hearing without further notice to the Members of the Class, and retains jurisdiction to consider all further applications arising out of or connected with the proposed settlement. The Court may approve the settlement, with such modifications as may be agreed to by the Settling Parties, if appropriate, without further notice to the Class.

IT IS SO ORDERED.

Dated this 16th day of May, 2005.

*Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

ORDER PRELIMINARILY APPROVING
SETTLEMENT AND PROVIDING FOR NOTICE
(**C-01-0358-L**)                    - 6 -

Presented by:

HAGENS BERMAN LLP
STEVE W. BERMAN, WSBA #12356
ERIN K. FLORY, WSBA #16631
KARL P. BARTH, WSBA #22780
1301 Fifth Avenue, Suite 2900
Seattle, WA 98101
Telephone: 206/623-7292
206/623-0594 (fax)

Liaison Counsel

MILBERG WEISS BERSHAD
  & SCHULMAN LLP
LORI G. FELDMAN, WSBA #29096


    /s/ Lori G. Feldman
     LORI G. FELDMAN

1001 Fourth Avenue, Suite 2550
Seattle, WA 98154
Telephone: 206/839-0730

LERACH COUGHLIN STOIA GELLER
   RUDMAN & ROBBINS LLP
WILLIAM S. LERACH
MICHAEL J. DOWD
THEODORE J. PINTAR
DOUGLAS R. BRITTON
JEFFREY D. LIGHT
DAVID A. THORPE
401 B Street, Suite 1600
San Diego, CA 92101
Telephone: 619/231-1058

ORDER PRELIMINARILY APPROVING
SETTLEMENT AND PROVIDING FOR NOTICE
(**C-01-0358-L**)                                      - 7 -

LERACH COUGHLIN STOIA GELLER
  RUDMAN & ROBBINS LLP
JONATHAN E. BEHAR
9601 Wilshire Blvd., Suite 510
Los Angeles, CA  90210
Telephone:  310/859-3100
310/278-2148 (fax)

LERACH COUGHLIN STOIA GELLER
  RUDMAN & ROBBINS LLP
PAUL J. GELLER
197 S. Federal Highway, Suite 200
Boca Raton, FL  33432
Telephone:  561/750-3000
561/750-3364 (fax)

Lead Counsel for Plaintiffs

WEISS & YOURMAN
JOSEPH H. WEISS
551 Fifth Avenue, Suite 1600
New York, NY  10176
Telephone:  212/682-3025

WECHSLER HARWOOD LLP
ROBERT I. HARWOOD
THOMAS J. HARRISON
488 Madison Avenue, 8th Floor
New York, NY  10022
Telephone:  212/935-7400

Executive Committee Members

ORDER PRELIMINARILY APPROVING
SETTLEMENT AND PROVIDING FOR NOTICE
(**C-01-0358-L**)     - 8 -