THE HONORABLE ROBERT S. LASNIK

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

AT SEATTLE

| | |
|---|---|
| In re AMAZON.COM, INC. SECURITIES LITIGATION | Master File No. C-01-0358-L |
| This Document Relates To: | <u>CLASS ACTION</u> |
| ALL ACTIONS. | FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE |

This matter came before the Court for hearing pursuant to the Order of this Court, dated May 16, 2005, on the application of the parties for approval of the settlement set forth in the Stipulation of Settlement dated as of March 9, 2005 (the "Stipulation"). The Court having considered all matters submitted to it at the hearing and otherwise; and it appearing that a notice of the hearing substantially in the form approved by the Court was mailed to all Persons or entities reasonably identifiable, who purchased Amazon Publicly Traded Securities on the open market during the period October 29, 1998 to October 23, 2001 (the "Class Period"), except those Persons or entities excluded from the definition of the Class, as shown by the records of Amazon's transfer agent, at the respective addresses set forth in such records, and that a summary notice of the hearing substantially in the form approved by the Court was published in the national edition of *Investor's Business Daily* and

FINAL JUDGMENT AND ORDER OF
DISMISSAL WITH PREJUDICE (C-01-0358-L)

- 1 -

LERACH COUGHLIN STOIA GELLER RUDMAN & ROBBINS LLP
401 B Street, Suite 1600
San Diego, CA  92101
Telephone: 619/231-1058 • Fax: 619/231-7423

once in the international edition of *The Wall Street Journal* pursuant to the specifications of the Court; and the Court having considered all papers filed and proceedings had herein and otherwise being fully informed in the premises and good cause appearing therefore, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

1.      This Judgment incorporates by reference the definitions in the Stipulation, and all terms used herein shall have the same meanings as set forth in the Stipulation.

2.      This Court has jurisdiction over the subject matter of the Litigation and over all parties to the Litigation, including all Members of the Class.

3.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby finally certifies this action as a class action on behalf of all Persons (other than those Persons who timely and validly requested exclusion from the Class) who purchased Amazon Publicly Traded Securities on the open market during the period October 29, 1998 to October 23, 2001. Excluded from the Class are Defendants and Dismissed Defendants, members of the immediate families of the Defendants and Dismissed Defendants, any entity in which any Defendant or Dismissed Defendant has or had a controlling interest, present or former directors and officers of Amazon, and the legal representatives, heirs, successors, or assigns of any such Defendant or Dismissed Defendant. Also excluded from the Class are the Persons and/or entities who requested exclusion from the Class as listed on Exhibit 1 annexed hereto.

4.      With respect to the Class, this Court finds and concludes that: (a) the Members of the Class are so numerous that joinder of all Class Members in the class action is impracticable; (b) there are questions of law and fact common to the Class which predominate over any individual question; (c) the claims of the Lead Plaintiffs are typical of the claims of the Class; (d) the Lead Plaintiffs and their counsel have fairly and adequately represented and protected the interests of the Class Members; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering: (i) the interests of the Members of the Class in individually controlling the prosecution of the separate actions, (ii) the extent and nature of any

FINAL JUDGMENT AND ORDER OF
DISMISSAL WITH PREJUDICE (C-01-0358-L)

- 2 -

LERACH COUGHLIN STOIA GELLER RUDMAN & ROBBINS LLP
401 B Street, Suite 1600
San Diego, CA  92101
Telephone: 619/231-1058 • Fax: 619/231-7423

1  litigation concerning the controversy already commenced by Members of the Class, (iii) the desirability or undesirability of concentrating the litigation of these claims in this particular forum, and (iv) the difficulties likely to be encountered in the management of the class action.

5. Pursuant to Federal Rule of Civil Procedure 23, this Court hereby approves the settlement set forth in the Stipulation and finds that said settlement is, in all respects, fair, reasonable and adequate to the Class.

6. Except as to any individual claim of those Persons (identified in Exhibit 1 hereto) who have validly and timely requested exclusion from the Class, the Litigation and all claims contained therein, as well as all of the Released Claims are dismissed with prejudice as to the Lead Plaintiffs and the other Members of the Class, and as against the Released Amazon Parties. The Settling Parties are to bear their own costs, except as otherwise provided in the Stipulation.

7. The Court finds that the Stipulation and settlement are fair, reasonable, just and adequate as to each of the Settling Parties, and that the Stipulation and settlement are hereby finally approved in all respects with the addendum that the Claims Administrator shall accept for processing all claims filed before the date of this Final Judgment and all subsequently-filed claims that would not materially delay the disbursement of the settlement money to class members. The Settling Parties are hereby directed to perform its terms.

8. Upon the Effective Date hereof, the Lead Plaintiffs and each of the Class Members shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished and discharged all Released Claims against the Released Amazon Parties, whether or not such Class Member executes and delivers the Proof of Claim and Release.

9. All Class Members are hereby forever barred and enjoined from prosecuting all claims (including "Unknown Claims" as defined in ¶1.28 of the Stipulation), demands, rights, liabilities and causes of action under federal or state law, including the Securities Exchange Act of 1934, whether based upon statutory or common law, whether class or individual in nature, known or unknown, concealed or hidden, and that either were asserted or could have been asserted, by any

FINAL JUDGMENT AND ORDER OF
DISMISSAL WITH PREJUDICE (C-01-0358-L)

- 3 -

LERACH COUGHLIN STOIA GELLER RUDMAN & ROBBINS LLP
401 B Street, Suite 1600
San Diego, CA  92101
Telephone: 619/231-1058 • Fax: 619/231-7423

Lead Plaintiff or Class Member against the Released Amazon Parties arising from both: (a) the purchase of Amazon Publicly Traded Securities during the Class Period, and (b) the acts, facts, statements, or omissions that were or could have been alleged in the Litigation (the "Released Claims") against each and all of the Defendants, the Dismissed Defendants, and their Related Persons (the "Released Amazon Parties"); provided, however, that Released Claims do not include any claims under the Securities Act of 1933 asserted in *Argent Classic Convertible Arbitrage Fund, L.P. v. Amazon.com, Inc., et al.*, No. C-01-0640-L, pending in the United States District Court for the Western District of Washington.

10. Upon the Effective Date hereof, each of the Released Amazon Parties shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished and discharged each and all claims (including, but not limited to, "Unknown Claims" as defined in ¶1.28 of the Stipulation), demands, losses, rights, and causes of action of any nature whatsoever, whether known or unknown, whether suspected or unsuspected, whether concealed or hidden, that have been or could have been asserted in the Litigation or any forum by the Defendants or any of them or the successors and assigns of any of them against any of the Lead Plaintiffs, Class Members or Plaintiffs' Counsel, which arise out of or relate in any way to the institution, prosecution, assertion, settlement, or resolution of the Litigation (except for claims to enforce the Stipulation) (the "Settled Defendants' Claims"); provided, however, that Settled Defendants' Claims do not include any claims or defenses arising out of or related to *Argent Classic Convertible Arbitrage Fund, L.P. v. Amazon.com, Inc., et al.*, No. C-01-0640-L, pending in the United States District Court for the Western District of Washington.

11. The Notice of Pendency and Proposed Settlement of Class Action given to the Class was the best notice practicable under the circumstances, including the individual notice to all Members of the Class who could be identified through reasonable effort. Although there was a delay in providing notice to those who held their securities in street name, Plaintiffs' Counsel has agreed that the Claims Administrator shall accept for processing all claims filed before the date of this Final

FINAL JUDGMENT AND ORDER OF
DISMISSAL WITH PREJUDICE (C-01-0358-L)

- 4 -

LERACH COUGHLIN STOIA GELLER RUDMAN & ROBBINS LLP
401 B Street, Suite 1600
San Diego, CA  92101
Telephone: 619/231-1058 • Fax: 619/231-7423

Judgment and all subsequently-filed claims that would not materially delay the disbursement of the settlement money to class members.[1]  With that addendum to the Stipulation, the Court finds that said notice provided the best notice practicable under the circumstances of those proceedings and of the matters set forth therein, including the proposed settlement set forth in the Stipulation, to all Persons entitled to such notice, and said notice fully satisfied the requirements of Federal Rule of Civil Procedure 23, §21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. §78u-4(a)(7) as amended by the Private Securities Litigation Reform Act of 1995, due process, and any other applicable law.

12. Any Plan of Allocation submitted by Lead Plaintiffs' counsel or any order entered regarding the attorneys' fee and expense application shall in no way disturb or affect this Final Judgment and shall be considered separate from this Final Judgment.

~~13.~~ Neither the Stipulation nor the settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the settlement: (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of the Defendants or the Dismissed Defendants, or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the Defendants or the Dismissed Defendants in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal.  Defendants or the Dismissed Defendants may file the Stipulation and/or the Judgment from this action in any other action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction or any theory of claim preclusion or issue preclusion or similar defense or counterclaim.

---

[1] See Letter from Jeffrey D. Light to James D. and Linda M. Fox, dated October 14, 2005, a copy of which will be filed in the Court's record of this matter.

FINAL JUDGMENT AND ORDER OF
DISMISSAL WITH PREJUDICE (C-01-0358-L)

- 5 -

LERACH COUGHLIN STOIA GELLER RUDMAN & ROBBINS LLP
401 B Street, Suite 1600
San Diego, CA  92101
Telephone: 619/231-1058 • Fax: 619/231-7423

14. Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over: (a) implementation of this settlement and any award or distribution of the Settlement Fund, including interest earned thereon; (b) disposition of the Settlement Fund; (c) hearing and determining applications for attorneys' fees, interest and expenses in the Litigation; and (d) all parties hereto for the purpose of construing, enforcing and administering the Stipulation.

15. In the event that the settlement does not become effective in accordance with the terms of the Stipulation or in the event that the Settlement Fund, or any portion thereof, is returned to the Defendants, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation.

IT IS SO ORDERED.

Dated this 10th day of November, 2005.

*/s/ Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

FINAL JUDGMENT AND ORDER OF
DISMISSAL WITH PREJUDICE (C-01-0358-L)
- 6 -

LERACH COUGHLIN STOIA GELLER RUDMAN & ROBBINS LLP
401 B Street, Suite 1600
San Diego, CA  92101
Telephone: 619/231-1058 • Fax: 619/231-7423